James W. McConkie III (8614); Email: jmcconkie@wnlaw.com
David P. Johnson (13260); Email: djohnson@wnlaw.com
WORKMAN│NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC. a Utah corporation,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>BRIAN CHRISTENSEN, an individual<br><br>　　　　　　　　　　Defendant. | **DECLARATION OF JAMES W. McCONKIE, III IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>**2:18-CV-00313-JNP-PMW**<br><br>**Judge Jill N. Parrish** |

I, James W. McConkie, III, declare under criminal penalty of the State of Utah that the following is true and correct:

　　1.　　I am a member in good standing of the Utah State Bar; I am duly licensed to practice by the Supreme Court of that State and have been duly admitted in this matter. I am an attorney with the firm of Workman Nydegger ("Workman") in Salt Lake City, Utah for Plaintiff Vivint, Inc. ("Plaintiff") in the above-titled action. I have been practicing law for approximately twenty years. I am competent to testify to all matters contained herein.

　　2.　　This Declaration is submitted in support of Plaintiff's Motion for Default Judgment against Defendant Brian Christensen ("Defendant").

{F2350368.1 }

3. Our firm sent multiple letters to Defendant on behalf of Vivint, notifying Defendant of Vivint's trademark rights and demanding that he cease and desist all uses of Vivint's intellectual property. A copy of one such letter, dated March 20, 2018, is attached hereto as Exhibit A.

4. On April 6, 2018, our firm sent a copy of a complaint to Defendant and informed him that we would file the complaint if he did not cease and desist his infringement. A copy of that correspondence is attached hereto as Exhibit B.

5. In the normal course of Workman's business, shareholders and associates of the firm log into a computer program an entry describing services rendered to clients, often including the time spent in tenths of hours. All entries are stored in the computer, and the information contained in them is retrieved for use in the preparation of billings and other matters respecting legal fees. Attached hereto as Exhibit C are itemized time entries and fee and cost calculations for Workman containing entries made and retrieved in keeping with the procedures stated above and reflecting all legal services rendered by Workman in connection with this action and enforcement of the subject obligations.

6. Services rendered by Workman on behalf of Plaintiff from January 10, 2018 through May 31, 2018 required the expenditure of no less than **58.95 hours**, amounting to **$16,583.25** in attorney's fees. During that same time-period, costs in the amount of **$999.74** were incurred. Additional time has been and will necessarily be spent on this matter in finalizing and prosecuting the default judgment papers, providing notice of the same, and attempting to enforce any subsequent judgment awarded to Plaintiff.

7. Based upon my experience as a legal practitioner, the time involved in this matter, the amounts involved, the issues raised, and my awareness of the fees customarily charged by reputable attorneys for similar services, I believe that all of the services described in the materials provided herewith have been reasonable and necessary for the proper prosecution of this action and

enforcement of the subject obligations, and that the following sum is a reasonably fee for such services: **$17,582.99**.

In accordance with Utah Code Annotated § 78B-5-705, I declare under criminal penalty of the State of Utah that the foregoing is true and correct.

DATED this 25th day of July, 2018.

_____/s/ James W. McConkie, III_____