IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN CHRISTENSEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER TO PROVIDE FURTHER LEGAL ARGUMENT OR ADDITIONAL EVIDENCE<br><br>Case No. 2:18-cv-00313-JNP-PMW<br><br>District Judge Jill N. Parrish |

Before the court is a motion for default judgment filed by Vivint, Inc. [Docket 15.] At this point, the court is disinclined to award the full measure of relief Vivint seeks. The court ORDERS Vivint to provide further legal argument or additional evidence to support its claims for statutory damages and attorney fees.

Vivint sued Brian Christensen. It asserted a number of claims, including trademark infringement, unfair competition, and the violation of federal and state anticybersquatting statues. The complaint alleged that Christensen, without Vivint's knowledge or permission, registered the domain name www.vivint.io. The complaint also alleges that

> [o]n information and belief, Defendant used the Infringing Domain to wrongly trade on the goodwill associated with the [Vivint's trademark] by, among others, a) offering services not provided by Plaintiff or its affiliates on or through the Infringing Domain and/or b) making an unauthorized offer to consumers of Plaintiff's services through the Infringing Domain.

The complaint contains no other description of how Christensen used the www.vivint.io domain name.

Christensen did not respond to the complaint, and the clerk of the court issued a default certificate. Vivint moved for default judgment and requested four items of relief: (1) an order for Christensen to transfer the www.vivint.io domain name to Vivint, (2) a permanent injunction against Christensen, (3) statutory damages in the amount of $5,000, and (4) an award of attorney fees and costs in the amount of $17,582.99.

The court is inclined to grant the first two requests for relief. The allegations of the complaint support Vivint's claims that Christensen violated federal and state anticybersquatting statues by registering a domain name that incorporates Vivint's trademark. An order to transfer the domain name to Vivint and a limited permanent injunction appear to be warranted.

But the court is currently unwilling to award statutory damages or attorney fees. Vivint has not adequately demonstrated that the allegations of the complaint establish its right to such relief. Nor has it provided any evidence demonstrating a right to recover statutory damages or attorney fees.

## I.     STATUTORY DAMAGES

Vivint argues that it is entitled to statutory damages under 15 U.S.C. § 1117(c), which provides: "In a case involving the use of a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . . an award of statutory damages . . . ." A statutory award shall amount to "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id*. § 1117(c)(1). "[C]ounterfeiting is the 'hard core' or 'first degree' of trademark infringement that seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" *Gucci Am., Inc. v. Guess?, Inc.*,

868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012) (quoting 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:10).

Vivint's complaint does not allege counterfeiting. It asserts generally, upon information and belief, that Christensen used the www.vivint.io web domain either to offer services that Vivint does not provide or to make an unauthorized offer to sell Vivint's actual services. The complaint does not aver that Christensen used counterfeit Vivint trademarks to trick consumers into purchasing second-rate copies of Vivint's services. Nor does Vivint provide any evidence that Christensen engaged in this type of counterfeiting. Absent such evidence, the court may not award statutory damages. If Vivint wishes to produce evidence of counterfeiting to justify an award of statutory damages under 15 U.S.C. § 1117(c), the court orders Vivint to provide the evidence within 14 days of this order.

## II.   ATTORNEY FEES

Vivint also requests an award of attorney fees under 15 U.S.C. § 1117(a) and Utah Code § 13-5a-103(1)(b). The court finds that Vivint has not proven that it is entitled to attorney fees under either statute.

### A.   *15 U.S.C. § 1117(a)*

The Lanham Act provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Although the Act does not define "exceptional case," the Tenth Circuit has "determined it occurs when a trademark infringement is malicious, fraudulent, deliberate, or willful." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1232 (10th Cir. 2000). For example, a district court did not abuse its discretion by awarding fees in a case where an infringer engaged in deliberate counterfeiting and continued to do so even after to agreeing to discontinue this conduct in a settlement agreement. *Id.* More

recently, the Supreme Court has interpreted an identical "exceptional case" provision found in the Patent Act. The Court construed "exceptional" according to its ordinary usage to mean "'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (citation omitted). The Court, therefore, held that

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Id.*

Vivint has not shown that this is the rare case that stands out from others in terms of the strength of its claims. The complaint contains only boilerplate allegations that Christensen used the www.vivint.io domain name to infringe Vivint's trademark. It does not allege specific facts to support its trademark infringement and unfair competition allegations. Nor does Vivint produce any evidence that Christensen ever used the domain name. *See* 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25A:41 (5th ed. 2018) ("Merely obtaining or registering a word or phrase as a domain name, without use in connection with any commercial enterprise, does not itself trigger infringement by confusion or dilution under the Lanham Act."). And although the complaint alleges facts to support its state and federal cybersquatting claims, merely establishing the existence of meritorious causes of action is not enough to show that the claims are exceptionally strong. Otherwise, the exceptional case clause would be converted into a prevailing party clause. Vivint did not produce evidence that Christensen engaged in especially bad conduct—e.g., by attempting to extort money from Vivint or by using the domain name in a way that was extraordinarily harmful to its intellectual property rights. Indeed, Vivint does not allege that it

4

suffered any actual damages, claiming, instead, that it is entitled to statutory damages and attorney fees. Thus, Vivint does not allege facts or proffer evidence demonstrating that this is an exceptional case of trademark infringement or cybersquatting.

The court also determines that Christensen's litigation conduct does not make this case exceptional. Vivint argues that an award of fees is particularly appropriate when a defendant defaults in a case.[1] The court disagrees. Failing to answer a complaint does not constitute unreasonable litigation conduct; it is simply the absence of litigation conduct. Indeed, a default is a boon to the plaintiff, relieving it of the need to prove liability for the claims alleged in the complaint. Thus, Christensen's failure to answer is not the type of egregious litigation conduct that would justify an award of fees under the exceptional case clause of the Lanham Act.

B.     *Utah Code § 13-5a-103(1)(b)*

Utah Code § 13-5a-103(1)(b) provides that "a person injured by unfair competition may recover: . . . costs and attorney fees." "Unfair competition" is a defined to mean "an intentional business act or practice that:" (1) "is unlawful, unfair, or fraudulent;" (2) "leads to a material diminution in value of intellectual property;" and (3) "is one of the following: (A) malicious cyber activity; (B) infringement of a patent, trademark, or trade name; (C) a software license violation; or (D) predatory hiring practices." UTAH CODE § 13-5a-102(4)(a). Notably, Utah Code section

---

[1] Vivint cites no relevant authority for this proposition. It references a district court case in which a judge awarded attorney fees where the defendant failed to respond to a plaintiff's motion for judgment on the pleadings. *Zundel v. Taunton*, No. 2:07-CV-00023, 2009 WL 197814, at *3 (D. Utah Jan. 26, 2009). But fees were awarded pursuant to Utah Code section 13-5a-103, not under the exceptional case provision of the Lanham Act. Moreover, the Zundel ruling made no mention of the failure to file a brief when awarding fees, nor did it suggest that a failure to participate in litigation made the fee award more appropriate.

5

13-5a-103(1)(b) only permits an attorney fee award for trademark infringement, not cybersquatting.

Vivint has failed to satisfy two of the statutory elements of unfair competition. First, it has not shown that there has been a material diminution in the value of its intellectual property. Registering a domain name, without more, does not devalue a trademark because the registration is not visible to the average consumer. And Vivint has not produced any other evidence of a material diminution in the value of its trademarks. Instead, it seeks only statutory damages, which do not require specific evidence of harm.

Second, Vivint has not alleged facts to support its trademark infringement claims. The complaint only contains vague and indefinite assertions made upon information and belief that Christensen either used the www.vivnt.io domain name to sell unidentified non-Vivint services or to offer to sell Vivint's actual services. Given the indefinite and conclusory allegations of the complaint, it is questionable whether Vivint has stated a claim for trademark infringement. Under I*qbal* and *Twombly*, "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). "[I]t [is] within the district court's discretion to deny [a plaintiff's] request for a default judgment because his complaints [are] legally insufficient to state a claim." *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (citing *Gandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987) (district courts have "broad discretion in deciding a default judgment question")).

*C.     Conclusion*

The court does not have enough information to award attorney fees under 15 U.S.C. § 1117(a) or Utah Code § 13-5a-103(1)(b). If Vivint wishes to bolster its claim for attorney fees under these statutes, it may do so within 14 days of this order.

## CONCLUSION

If Vivint wishes to provide additional evidence or legal argument in support of its statutory damage claim under 15 U.S.C. § 1117(c) or its attorney fee claims under 15 U.S.C. § 1117(a) and Utah Code § 13-5a-103(1)(b), it must submit such evidence by January 22, 2019.

Signed January 8, 2019.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge