# EXHIBIT A



January 15, 2018

**VIA EMAIL**
info@investible.io & brian@directedcapitalpartnerts.com
**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Brian Christensen
222 East 860 South
Orem, Utah 84058

    Re:        Trademark Infringement – VIVINT Marks
    Our Ref. No.:    18961.299

Dear Mr. Christensen:

    This firm represents Vivint, Inc. ("Vivint") in its intellectual property matters, including the policing and enforcing of its trademark rights.

    For your information, Vivint is the owner of U.S. Trademark Registration Nos. 4,166,498, 4,392,692, 4,392,693, 4,459,451, 4,166,498, 4,388,507, and 4,094,587, and numerous common law rights for the highly distinctive mark VIVINT (the "Mark") in connection with a wide variety of goods and services.

    It has recently come to the attention of Vivint that you have registered the domain name "vivint.io" (the "Domain Name") with GoDaddy. Based on Vivint's prominence, particularly in its home state of Utah, and your residence in Utah, you were surely aware of Vivint before you registered the Domain Name. Since registering the Domain Name, you have made no effort to use the Domain Name for any legitimate purpose. Such conduct is evidence of your bad faith intent to profit from the Domain Name, which constitutes a violation of your agreement with your registrar and of the .io Domain Name Dispute Resolution Policy ("Policy"). Accordingly, under the terms of the Policy, Vivint is entitled to seek transfer the Domain Name to Vivint.

    In addition to the above, your unauthorized and unlawful use of the VIVINT mark in the Domain Name alone is likely to dilute the distinctive quality of the VIVINT mark and to cause confusion among consumers, deceiving them into incorrectly believing that the website associated with the Domain Name is sponsored by or affiliated with Vivint, which is not the case. Such a likelihood of confusion and of dilution gives rise to liability under the Federal Lanham Act (15 U.S.C. § 1125 et seq.) and the Federal Trademark Dilution Act (15 U.S.C. § 1125(c)). Moreover, to the extent your use of the VIVINT mark in the Domain Name is found to be in bad faith, additional liability arises under the Federal Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

Mr. Brian Christensen
January 15, 2018
Page 2 of 3

_____

   Your liability under these provisions could translate to an injunction, i.e., a court order requiring you to discontinue your use of the VIVINT mark, or to more severe penalties. (15 U.S.C. § 1116.) In the case of a knowing and willful violation, such penalties could include an award of treble damages, attorney fees, and/or the costs associated with bringing the action. (15 U.S.C. § 1117.) For example, a court may, under the Federal Anticybersquatting Consumer Protection Act alone, award statutory damages of $1,000 to $100,000 per domain name registration. (See, e.g., Shields v. Zuccarini, 254 F.3d 476 (3d Cir. 2001); 15 U.S.C. § 1117(d).)

   Your registration and use of the Domain Name may also give rise to liability under the the Utah E-Commerce Integrity Act (the "UCA"). The UCA prohibits a person such as you from using a mark, such as the VIVINT mark, if the person: (i) has a bad faith intent to profit from the mark; and (ii) registers, acquires, or uses a domain name that is identical or confusingly similar to the mark. (UCA 70-3a-309(1)(a).) Due to the inclusion of the highly distinctive word "Vivint" in the Domain Name, the Domain Name, as registered by you, clearly satisfy the "identical or confusingly similar" standard of Section 70-3a-309(1)(a). Furthermore, your actions also indicate that you had the requisite bad faith required by Section 70-3a-309(1)(a). For instance, based on your registration of the Domain Name and subsequent failure to make a legitimate use thereof, it is clear that your intent was to divert consumers from Vivint's online location, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site. (*See* UCA 70-3a-309(1)(b).) A violation by you of the Utah E-Commerce Integrity Act enables Vivint to seek a court order requiring the forfeiture or cancellation of the Domain Name or the transfer of the Domain Name to Vivint.

   Still further, your actions in registering and using the Domain Name may also lead to liability under the Utah Fair Competition Act (the "UUCA"). Under the UUCA, Vivint could bring a private cause of action against you for your unfair competition in using Vivint's business name in the Domain Name. In particular, the UUCA provides for a cause of action for intentional business acts or practices that: (i) are unlawful, unfair, or fraudulent; (ii) lead to material diminution in value of intellectual property; and (iii) are an infringement of a patent, trademark, or trade name. (*See* UCA § 13-5a-102(4)(a); 13-5a-103.) As a result of your violation of the UUCA, Vivint can seek and obtain: (i) the actual damages sustained by Vivint; (ii) any costs associated with prosecution of the civil action against you; and (iii) punitive damages. (*See* UCA § 13-5a-103(1)(b).)

   Accordingly, Vivint hereby demands as follows: (1) you immediately cease and desist all use of the Domain Name; (2) you immediately transfer of the Domain Name to Vivint; and (3) you immediately cease and desist all current and future unlawful uses of the VIVINT mark and any confusingly similar marks in connection with domain names, websites, and any other unauthorized and unlawful uses.

   Please note that the remedies discussed in this letter are not intended to be an exhaustive listing of the remedies available to Vivint for your violation of Vivint's rights. Rather, Vivint may have additional rights and remedies available under other applicable laws, which rights and

Mr. Brian Christensen
January 15, 2018
Page 3 of 3

_____

remedies are hereby expressly reserved and the absence of noting the same herein does not constitute a waiver of asserting such rights in the future.

      Before taking any further action, Vivint is interested in attempting to amicably resolve the above-referenced matter. Therefore, we ask that you acknowledge receipt of this letter immediately and give us your written assurance that you will comply with our demands on or before **January 29, 2018**, by 5:00 pm. If such confirmation is not received, we have been authorized to take further action against you.

                                      Sincerely,

                                      WORKMAN | NYDEGGER

                                      J. DUSTIN HOWELL

cc: Vivint, Inc.