James W. McConkie III (8614); Email: jmcconkie@wnlaw.com
David P. Johnson (13260); Email: djohnson@wnlaw.com
WORKMAN │NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC. a Utah corporation,<br><br>                               Plaintiff,<br>        v.<br><br>BRIAN CHRISTENSEN, an individual<br><br>                               Defendant. | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**2:18-CV-00313-JNP-PMW**<br><br>**Judge Jill N. Parrish** |

Pursuant to the Court's Order of January 8, 2019 (Dkt. No. 20), Plaintiff Vivint, Inc.

("Vivint") respectfully submits this Supplemental Memorandum in Support of its Motion for

Default Judgment.

## I.      INTRODUCTION

On April 16, 2018, Vivint filed a Complaint against Defendant Brian Christensen

("Christensen") alleging trademark infringement, trademark dilution, unfair competition, and

cybersquatting, and seeking a variety of damages, including attorney's fees and costs. [*See* Dkt.

No. 2, Complaint.] After Christensen failed to timely respond to the Complaint, the Clerk of Court

entered a default against Christensen [Dkt. No. 14, Default Certificate], and Vivint subsequently

filed a Motion for Default Judgment [Dkt. No. 15, Motion for Default Judgement] ("the Default Judgment Motion") seeking entry of a default judgment against Christensen.

On January 8, 2019, the Court issued an order indicating that it is inclined to issue an order directing Christensen and those provided with notice of the Court's order to transfer the www.vivint.io domain name ("the Domain Name") to Vivint, and permanently enjoining Christensen from further infringement. [Dkt. No. 20, Memorandum Decision and Order to Provide Further Legal Argument or Additional Evidence, p. 2.] However, the Court directed Vivint to submit additional evidence and/or legal argument in support of its request for monetary damages and/or attorney's fees. [*Id.* at p. 7.]  Vivint submits herewith its Supplemental Memorandum in Support of its Motion for Default Judgment and the Declaration of Dustin Howell, and makes the following supplemental argument in favor of an award of attorney's fees and costs.[1]

## I.     ARGUMENT

Under 15 U.S.C. § 1117(a), the Court may award "reasonable attorney fees to the prevailing party" in "exceptional cases." This case constitutes an exceptional case under the Lanham Act in light of Christensen's knowing use of the VIVINT trademark and willful refusal to relinquish the Domain Name, instead using it as an unfair bargaining chip to force a business agreement with Vivint and necessitating the present lawsuit.

On December 9, 2016, Christensen signed a Sales Representative Employment Agreement with Vivint's affiliate Smart Home Pros, Inc. [Dkt. No. 2, Complaint ¶ 10.]  Clearly aware of Vivint and the VIVINT trademark, but without any license to use the mark, Christensen proceeded to register the Domain Name as an ".io" domain with GoDaddy.com on or about April 5, 2017.

---

[1] Having considered the Court's Memorandum Decision and Order to Provide Further Legal Argument or Additional Evidence, Vivint has elected not to submit additional argument pertaining specifically to statutory damages. The evidence presented in the Declaration of Dustin Howell in Support of Plaintiff's Motion for Default Judgment is available to the Court should it choose to revisit the statutory damages issue.

{F2350368.1 }

[*Id.*, ¶ 11.]  Christensen's agreement with Smart Home Pros, Inc. terminated on November 17, 2017.  [*Id.*, ¶ 14.]  Nevertheless, and as explained below, Christensen continued his unauthorized use of the VIVINT trademark by keeping the website associated with the Domain Name live and active.

In January 2018, Vivint's attorney, Dustin Howell, prepared and sent a letter to Christensen informing him of Vivint's trademark rights and demanding that he 1) cease and desist from using the VIVINT trademark, and 2) immediately transfer the Domain Name to Vivint. [*See* the Declaration of Dustin Howell in Support of Plaintiff's Motion for Default Judgment submitted herewith ("Howell Decl."), ¶ 3.]  Prior to sending this letter, Mr. Howell reviewed the website associated with the Domain Name. [*Id.*, ¶ 5.]  He found the site to be live and active and that it purported to gather information from potential customers interested in solar energy systems and services of the type and nature offered by certain Vivint licensees. [*Id.*, ¶ 5.] It was not clear to Mr. Howell whether those potential customers or sales leads were ever delivered to Vivint and/or its licensees or if they were delivered to some other solar energy provider. [*Id.*]

An attorney named Patrick J. Ascione later contacted Mr. Howell and explained that he had been retained to represent Christensen. [*Id.* at ¶ 7.] Mr. Ascione informed Mr. Howell that Christensen had redirected the Domain Name and wanted to meet with Vivint to work out some sort of business relationship. [*Id.* at ¶¶ 8, 10.] More specifically, Mr. Ascione represented that Christensen would not transfer the Domain Name to Vivint unless and until Vivint agreed to pay commissions to Christensen for any potential customers or sales leads Christensen could generate. [*Id.*] However, Vivint was unwilling to consider any such agreement as long as Christensen wrongly maintained control over the infringing Domain Name. [*Id.* at ¶¶ 9, 10.] In turn, Christensen refused to transfer the Domain Name to Vivint unless and until he received the

commissions agreement he sought. [*Id.*] On February 28, 2018, Mr. Ascione informed Mr. Howell that he no longer represented Christensen, and Christensen himself eventually stopped communicating with Mr. Howell and Vivint altogether. [*Id.* at ¶¶ 11-12.]

Typically, the recovery or take-down of infringing domain names is handled through the Uniform Domain-Name Dispute-Resolution Policy ("UDRP") established by the Internet Corporation for Assigned Names and Numbers ("ICANN"). [*Id.* at ¶ 14.] These proceedings generally lead to quick, cost-effective solutions for clients whose trademarks are used in internet domain names without authorization. [*Id.*] However, UDRP proceedings are governed by ICANN and can only be brought to recover domain names within ICANN's jurisdiction and control. [*Id.* at ¶ 15.] All ".io" domains, including the "vivint.io" domain, fall outside or are not subject to ICANN's jurisdiction and, consequently, the "vivint.io" domain cannot be recovered in a UDRP proceeding. [*Id.*] Rather than initiating a quick and cost-effective UDRP proceeding to seek possession and control of the Domain Name, Vivint was forced to file a costly lawsuit against Christensen, which lawsuit Christensen ignored. [*Id.* at ¶ 16.] It has now been over a year since Vivint sent its first cease and desist letter to Christensen, and the Domain Name remains in Christensen's possession and control. [*Id.* at ¶ 17.]

Christensen's knowing use of the VIVINT trademark and willful effort to use the Domain Name to force Vivint to enter into a business deal merit an award of attorney's fees and costs. In the 10th Circuit, "malicious, fraudulent, deliberate, or willful" infringement are hallmarks of "exceptional cases." *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1232 (10th Cir. 2000). Many courts have held that willful infringement of a senior trademark user's mark "for substantially identical services brings a case within the 'exceptional case' provision of [15 U.S.C. § 1117]." *Aetna Health Care Sys., Inc. v. Health Care Choice, Inc.*, No. 84-C-642,

1986 WL 84362, at \*17 (N.D. Okla. May 15, 1986); *see also AECOM Energy & Constr., Inc. v. Ripley*, No. CV 17-5398-RSWL-SSX, 2018 WL 5906172, at \*18 (C.D. Cal. Nov. 8, 2018) ("A case is considered exceptional when the infringement is malicious, fraudulent, deliberate, or willful." (internal quotations omitted)); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 43 (S.D.N.Y. 2015) ("As courts in this Circuit have repeatedly held, a defendant's willful infringement supports an award of attorneys' fees to a prevailing plaintiff."); *Audi AG v. D'Amato*, 381 F. Supp. 2d 644, 670 (E.D. Mich. 2005), *aff'd*, 469 F.3d 534 (6th Cir. 2006) ("Based upon Defendant's willful conduct and his continued infringing use of *www.audisport.com*, the Court finds that this is an 'exceptional case' warranting attorney's fees and costs to Plaintiffs.").

Vivint owns several trademark registrations for the mark VIVINT, serving as *prima facie* evidence of the validity of Vivint's mark. [Dkt. No. 15, p. 3.] The Domain Name consists of Vivint's mark VIVINT in its entirety, with the mere addition of the suffix ".io," giving rise to a "strong inference of confusion." [*Id.*, p. 4.]

Representations made by Christensen and/or his temporary counsel make clear that he was aware of Vivint's trademark rights while maintaining the "vivinit.io" domain as a live and active site. Indeed, Christensen signed a Sales Representative Employment Agreement with Vivint's affiliate Smart Home Pros, Inc. prior to registering the Domain Name and continued to maintain the associated website even after that agreement had terminated. After receiving formal notice of Vivint's trademark rights, Christensen not only retained control and possession of the Domain Name, but attempted to use it to force Vivint into a business relationship with him. Because Christensen registered the Domain Name as a ".io" domain, Vivint could not use standard ICANN procedures to quickly and easily gain possession of the Domain Name, and was instead forced to file a more costly lawsuit to protect its trademark rights. Christensen then ignored the lawsuit.

{F2350368.1 }

By defaulting in this action and under such circumstances as have been described herein, it is entirely appropriate for Christensen to be deemed to have willfully infringed Vivint's marks. *See*, *e.g.*, *Lane Crawford LLC v. Kelex Trading (CA) Inc.,* No. 12 CIV. 9190, 2014 WL 1338065, at *2 (S.D.N.Y. Apr. 3, 2014) ("Magistrate Judge Peck also correctly found that Defendants, by virtue of their default, are deemed to be willful infringers."). These facts create a clear basis for finding this to be an exceptional case and awarding attorney's fees and costs to Vivint.

## CONCLUSION

For these reasons, Vivint respectfully moves the Court to grant the Default Judgment Motion in its entirety and grant an award of attorney's fees and costs to Vivint. An amended proposed order reflecting the relief sought by Vivint is submitted herewith.

WORKMAN NYDEGGER

Dated:  January 22, 2019                          By: _/s/ James W. McConkie III_____
                                                  James W. McConkie III (USB No. 8614)
                                                  Email: jmcconkie@wnlaw.com
                                                  David P. Johnson_(USB No. 13260)
                                                  Email: djohnson@wnlaw.com
                                                  WORKMAN | NYDEGGER
                                                  60 East South Temple, Suite 1000
                                                  Salt Lake City, Utah 84111
                                                  Telephone: (801) 533-9800
                                                  Facsimile: (801) 328-1707

                                                  *Attorneys for Plaintiffs*

{F2350368.1 }

6