IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN CHRISTENSEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:18-cv-00313-JNP-PMW<br><br>District Judge Jill N. Parrish |

Before the court is a motion for default judgment filed by Vivint, Inc. [Docket 15.] Vivint initially requested four items of relief: (1) an order for Brian Christensen to transfer the www.vivint.io domain name to Vivint, (2) a permanent injunction against Christensen, (3) statutory damages in the amount of $5,000, and (4) an award of attorney fees and costs in the amount of $17,582.99. The court ordered Vivint to provide additional evidence and argument to support its claim for statutory damages and attorney fees. In Vivint's response, it elected not to submit additional argument in support of its claim for statutory damages. But Vivint provided a declaration and a brief in support of its claim for attorney fees. Upon consideration of the evidence and argument provided by Vivint, the court determines that it is not entitled to an award of statutory damages or attorney fees.

Vivint originally sought an award of statutory damages under a statute that permitted such an award in cases involving counterfeiting. *See* 15 U.S.C. § 1117(c). In its prior order, the court noted that the allegations of the complaint do not show that Christensen had engaged in

counterfeiting. By explicitly declining to provide additional evidence, Vivint effectively concedes this point. The court denies Vivint's request for statutory damages under 15 U.S.C. § 1117(c).

Vivint also seeks attorney fees pursuant to 15 U.S.C. § 1117(a), which provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party." Recently, the Supreme Court has interpreted an identical "exceptional case" provision found in the Patent Act. The Court construed "exceptional" according to its ordinary usage to mean "'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (citation omitted). The Court, therefore, held that

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Id.*

In support of its claim for attorney fees, Vivint has provided additional evidence regarding the substance of its claims against Christensen. One of Vivint's attorneys declared that Christensen had created a website associated with the domain name www.vivint.io. The website purported to gather information from potential customers interested in installing solar energy panels, a service provided by Vivint licensees. Vivint does not know if the website generated any sales leads or whether any leads were delivered to Vivint licensees or to a competing provider. Vivint's attorney sent a letter to Christensen demanding that he transfer the www.vivint.io domain name to Vivint. After receiving the letter, Christensen redirected people who visited www.vivint.io to the official website of a Vivint licensee that installed solar panels. Christensen retained an attorney who contacted Vivint's attorney. Christensen's attorney represented that he wanted to enter into a

business relationship with Vivint whereby Christensen received commissions for sales leads before he transferred the web domain name to Vivint. Vivint declined this offer or to even meet with Christensen to discuss a settlement until after he transferred the domain name.

Vivint subsequently sued Christensen. It asserted a number of claims, including trademark infringement, unfair competition, and the violation of federal and state anticybersquatting statues. Christensen did not answer the complaint.

The court determines that this is not an exceptional case meriting an award of fees under 15 U.S.C. § 1117(a). Vivint has produced additional evidence that Christensen used the www.vivint.io domain name for a period of time to collect sales leads. But while the use of Vivint's trademark in the domain name of an active website could conceivably lead to customer confusion, Vivint has not produced evidence that it was actually harmed by the website. It has not alleged or shown that it lost sales or that Christensen was unjustly enriched because of customer confusion caused by the domain name. The court, therefore, finds that this is not one of the rare cases where the plaintiff has made an exceptionally strong showing of trademark infringement.

As the court noted in its prior order, Vivint's complaint alleges facts to support its state and federal cybersquatting claims. But merely establishing the existence of meritorious causes of action is not enough to show that the claims are exceptionally strong. Otherwise, the exceptional case clause would be converted into a prevailing party clause. Vivint has produced evidence that Christensen attempted to extract a commissions arrangement in exchange for the transfer of the domain name. But Christensen's failure to unconditionally turn over the domain name is not enough to make this case exceptional. Presumably most cybersquatting lawsuits are filed against defendants that did not respond favorably to prelitigation letters or notices. The fact that Vivint had to file a lawsuit cannot itself make this case rare or exceptional. Moreover, the fact that

Christensen stopped using the web domain name after Vivint delivered its first letter weighs against finding this to be an exceptional case.

Finally, for the reasons stated in the court's prior order [Docket 20] Christensen's failure to answer the complaint does not make this case exceptional. Defaulting in an action is not the type of egregious litigation conduct that would justify an award of fees under the exceptional case clause of the Lanham Act. The court, therefore, concludes that Vivint is not entitled to attorney fees under 15 U.S.C. § 1117(a).

## CONCLUSION

The court GRANTS IN PART and DENIES IN PART Vivint's motion for entry of a default judgment. [Docket 15.] The court grants Vivint's requests for an order directing Christensen to transfer the www.vivint.io domain name to Vivint and for a permanent injunction against Christensen. The court denies Vivint's requests for statutory damages and attorney fees.

Signed January 25, 2019.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge